THOMAS E. MONTGOMERY, County Counsel (State Bar No. 109654)
County of San Diego
By TIMOTHY M. WHITE, Senior Deputy (State Bar No. 220847)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-4865; Fax: (619) 531-6005
E-mail: timothy.white@sdcounty.ca.gov

Attorneys for Defendant William D. Gore, Sheriff of San Diego County in his official capacity

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN PORTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM D. GORE, Sheriff of San Diego County, in his official capacity; WARREN STANLEY, Commissioner of California Highway Patrol, in his official capacity,<br><br>　　　　Defendants. | No. 18cv1221-GPC-LL<br><br>**OPPOSITION OF DEFENDANT WILLIAM D. GORE, IN HIS OFFICIAL CAPACITY AS SHERIFF OF SAN DIEGO COUNTY, TO PLAINTIFF SUSAN PORTER'S MOTION TO COMPEL [ECF No. 55]**<br><br>Courtroom 2D<br>Honorable Gonzalo P. Curiel<br>Magistrate: Hon. Linda Lopez |

Plaintiff Susan Porter's motion to compel further discovery responses [ECF No. 55] from defendant William D. Gore, in his official capacity as Sheriff of San Diego County ("Sheriff Gore"), should be denied in its entirety. With respect to the disputed discovery requests, Sheriff Gore either has served valid responses, or properly objected to the discovery. Further, Plaintiff's motion to compel further responses to requests for admission ("RFAs") is procedurally improper.

## I.     Plaintiff's Discovery Requests re: Legislative History.

Sections (A) and (C) of Plaintiff's motion ask this Court to compel further responses to Plaintiff's document requests ("RFPs") 18-27 and 30, and RFA 22, purportedly concerning the legislative history of California Vehicle Code § 27001 (hereafter, "§ 27001" – the statute Plaintiff was cited for violating). [ECF 55, at 1-4, 6-7[1].] The Court should deny the motion.

First, as to the RFA 22[2], the motion is procedurally improper. Plaintiff brings her motion to compel under FRCP 37(a)(3)(B). [ECF 55 at 2:2.] But Rule 37(a)(3)(B) by its own terms does not apply to RFAs. A challenge to an RFA answer or objection must be brought under FRCP 36(a)(6). Such a "matter will come to court only if the party who has requested the admission moves pursuant to Rule 36(a)(6) to determine the sufficiency of the objections" or answer. [8B Wright & Miller, et al., Fed. Prac. & Proc. Civ. § 2263 (3d ed., August 2019 update)] Plaintiff has not moved under Rule 36, and thus her motion with respect to RFA 22 [section (C) of the motion] should be denied.

Second, Plaintiff's motion with respect to legislative history fails on the merits. Section (A) of the motion argues that Plaintiff's RFPs 18-27 and 30 compel Sheriff Gore to produce the legislative history of § 27001. [ECF 55 at 2-5] But the phrase "legislative history" is nowhere to be found in those RFPs; they have nothing to do with the legislative history of § 27001. [ECF 55-2 at 7-28] As to RFP 30, Plaintiff explains in a

---

[1] Page cites to an ECF document are to the page numbers stamped atop each page.

[2] RFA 22 reads: "Admit that You have no legislative history explaining why § 27001 was enacted."

footnote that since RFP 30 asks for "all documents identified in [Sheriff Gore's] response to [Plaintiff's] Interrogatory No. 2," and because Sheriff Gore's response to interrogatory no. 2 mentioned "legislative history," such legislative history must be produced. [ECF 55, at 3, fn. 2]

But there are several problems with Plaintiff's argument. First, nowhere in response to interrogatory no. 2 or RFP 30 did Sheriff Gore say that any such legislative history was in his possession, custody, or control. Interrogatory no. 2 simply asked Sheriff Gore to identify documents that he "*relied upon* in responding to, or *that otherwise supported*," his response to Plaintiff's interrogatory no. 1. [ECF 55-2 at 48 (italics added)] In fact, during the meet and confer process, Sheriff Gore's counsel informed Plaintiff's counsel that the legislative history of § 27001 is in the public record at the downtown San Diego public law library and has been reviewed (but not copied). [Decl. of Timothy M. White, filed herewith, at ¶ 3] Thus, there is nothing to produce.

Moreover, Sheriff Gore objected to RFP 30 and RFA2 on the grounds that Plaintiff seeks materials that are in the public record and are at least equally available to her lawyers, and that Plaintiff's requests for the fruit of County Counsel's legal research violate the attorney work product doctrine. [ECF 55-2 at 8:18 (attorney work product objection), 28:28-29:2 (equally available public records), and 38:21-25 (same).]

## A.   Public Records are at least equally available to Plaintiff

Even if County Counsel possessed copies of the legislative history (rather than having only reviewed any such history), such public records are *at least*[3] equally available to Plaintiff. "Discovery is not required when documents are in the possession of or are readily obtainable by the party seeking a motion to compel." [*Bleecker v. Standard Fire Ins. Co.*, 130 F. Supp. 2d 726, 738-739 (E.D.N.C. 2000), citing, *inter alia*, *Dushkin Publishing Group, Inc. v. Kinko's Serv. Corp.*, 136 F.R.D. 334, 335 (D.D.C. 1991).] In *Bleecker*, the court rejected the plaintiff's efforts to compel defendant to produce public

---

[3] Plaintiff is represented in this matter by Foley & Lardner, an international law firm with more than 1,100 attorneys practicing in 24 offices around the world. [www.foley.com/en/about-us]

1  records (records that, unlike Sheriff Gore, the defendant actually possessed): "As the
2  manuals issued by the National Flood Insurance Program are public records which are
3  readily accessible to plaintiff, defendant is not required to produce these documents."
4  [*Id.*]

5          "[A] number of courts have recognized that there is no discovery obligation to
6  produce documents in the public record that are equally available to both parties." [*EEOC*
7  *v. Dolgencorp, LLC*, 196 F. Supp. 3d 783, 796-797 (E.D. Tenn. 2016), citing, *inter*
8  *alia*, *Tdata Inc. v. Aircraft Tech. Publishers*, No. 2:03-CV-264, 2007 U.S. Dist. LEXIS
9  8880, 2007 WL 433295, at *2 (S.D. Ohio Feb. 5, 2007); *Raytheon Aircraft Corp. v.*
10 *United States*, No. 05-2328-JWL-DJW, 2006 U.S. Dist. LEXIS 63363, 2006 WL
11 2570545, at *7 (D. Kan. Sept. 5, 2006).]  "Moreover, it is well-established that discovery
12 need not be required of documents of public record which are equally accessible to all
13 parties. This observation is consistent with the federal rule governing the production of
14 documents and things, Fed.R.Civ.P. 34." [*Krause v. Buffalo & Erie Cty. Workforce Dev.*
15 *Consortium, Inc.*, 426 F. Supp. 2d 68, 89–90 (W.D.N.Y. 2005), *aff'd*,  425 F. Supp. 2d
16 352 (W.D.N.Y. 2006) (internal citation omitted).]

17          Accordingly, even if Sheriff Gore did have possession of § 27001's legislative
18 history (which he does not), the motion should be denied, as counsel should be required
19 to perform its own research.

20          **B.     Plaintiff Seeks Attorney Work Product**

21          In RFA 22 and RFP 30, Plaintiff seeks to compel Sheriff Gore to disclose and
22 produce the results of his attorneys' legal research.  Plaintiff's discovery requests are thus
23 objectionable, as seeking attorney work product. FRCP 26(b)(3), and decisional law
24 interpreting it, protect attorney work product from discovery. Federal courts have
25 routinely denied discovery motions such as Plaintiff's, where the moving party seeks an
26 order compelling opposing counsel to turn over its legal research, including copies of
27 statutes and other public records it obtained through such research.
28 / / /

1    For example, in *Sec. & Exch. Comm'n v. McGinn, Smith & Co.*, No. 10-CV-

2    457(GLS/DRH), 2011 WL 13136032, at *8 (N.D.N.Y. Nov. 15, 2011), the court rejected

3    the SEC's motion to compel production of printed legal materials, including "printouts of

4    statutes from a computerized legal research database and legal articles from various

5    publications," as "within the scope of attorney work product." [*Ibid.*] And in *El-Massri v.*

6    *New Haven Corr. Ctr.*, No. 3:18-CV-1249 (CSH), 2019 WL 4942082, at *6 (D. Conn.

7    Oct. 8, 2019), the court held that: "Plaintiff is not entitled to have Defendants' counsel

8    perform his legal research. He may not simply demand that Defendants research and turn

9    over the text of unspecified state statutes and regulations. Additionally, courts have

10   recognized legal research as an attorney's 'work product.'" [*Id.*, citing, *inter alia*, *New*

11   *Gold Equities Corp. v. Capital Growth Real Estate, Inc.*, No. 89 CIV. 5472 (LBS), 1990

12   WL 180538, at *6 (S.D.N.Y. Nov. 13, 1990) (holding counsel's "legal research" to be

13   "self-evidently work-product").] Plaintiff's motion to compel further responses to RFA

14   22 and RFP nos. 18-27 and 30 should be denied, for the reasons discussed above.

15   **II.    There are No Responsive "Training Bulletins" to Produce.**

16   Section (B) of Plaintiff's motion argues that Sheriff Gore possesses certain

17   "training bulletins" that were requested in discovery, but were not produced. [ECF 55 at

18   5] Plaintiff claims that deposition testimony of Sheriff Gore's FRCP 30(b)(6) witnesses

19   contradicts Sheriff Gore's denial of possessing responsive documents, and that a "cursory

20   review of the requests, compared with the testimony mentioned above [in the motion],

21   should make quick work of this issue for the Court." [ECF 55 at 5:25-26.] That quoted

22   statement is true, but not in a way that favors Plaintiff.

23   First, Plaintiff's motion does not identify which particular RFPs she is seeking

24   further responses to. Section (B) of the motion does not identify a single RFP response at

25   issue, but instead cites to 21 total pages from three separate discovery documents. [*See*

26   ECF 55-2 at 5:13, citing Exh. A, pp. 3-17; Exh. D, pp. 9-10; and Exh. E, pp. 3-5.] This is

27   improper and unfair, and on that basis alone the motion should be denied. Second, during

28   the required conference call with this Court's law clerk, the parties focused on Plaintiff's

**Sheriff Gore's Opposition to Plaintiff's Motion to Compel -  18cv1221**

1   RFP no. 12, and Sheriff Gore's response thereto. [ECF 55-2, at 115] That request sought:

2   "All documents, communications, and things related to any training received by SDSD

3   law enforcement personnel, since January 1, 2014, in which § 27001 was mentioned,

4   referred to, or covered in the training." In Sheriff Gore's amended, verified response to

5   RFP 12, he stated an inability to comply with the document request because the Sheriff's

6   Department "has no responsive documents in its possession, custody, or control." [*Id.*]

7   That is a straightforward, complete response to RFP 12 – i.e., an unequivocal denial of

8   possessing the requested documents, and thus an inability to produce what Sheriff Gore

9   does not have.

10      Despite receiving a full and complete response, Plaintiff argues that two 30(b)(6)

11   witnesses (Commander Adams-Hydar and Lt. O'Boyle) testified that such documents do,

12   in fact, exist, and are within the Sheriff Department's possession.  But – to take Plaintiff's

13   phrase – even a cursory review of the cited deposition testimony *supports* Sheriff Gore's

14   denial that hepossesses the documents described in RFP 12: "All documents,

15   communications, and things related to any training received by SDSD law enforcement

16   personnel, since January 1, 2014, in which § 27001 was mentioned, referred to, or

17   covered in the training." [ECF 55-2, at 115 (underscore added)] Both witnesses Plaintiff

18   relies on in fact testified, time and time again, that the Sheriff's Department has no

19   training materials "in which § 27001 was mentioned, referred to, or covered." (That of

20   course is unsurprising, as California's Vehicle Code comprises more than 40,000 statutes,

21   and there cannot be training specific to each one.)

22      Commander Adams-Hydar denied that any training materials on § 27001 exist.

23   [*See* 1/8/20 FRCP 30(b)(6) deposition of Commander Adams-Hydar, at p. 73, lines 2-5

24   and 20-25, attached as Exhibit 1 to the White Decl. filed herewith.] So did Lt. O'Boyle,

25   no matter how many times Plaintiff's counsel asked the same question. [*See* 1/9/20 FRCP

26   30(b)(6) deposition of Lt. O'Boyle, at pp. 22:15-23:11, 37:10-20, 38:22-39:2, and 39:11-

27   40:3, attached as Exhibit 2 to the White Decl.] Plaintiff's motion points to testimony

28   regarding materials that *were not requested in RFP 12 (or other RFPs)*.

**Sheriff Gore's Opposition to Plaintiff's Motion to Compel -  18cv1221**

FRCP 34 permits a party to request documents that are in the responding party's "possession, custody, or control." "A document that does not exist is obviously not within the possession, custody, or control of a party." [7 *Moore's Federal Practice*, § 34.14[2][a] (3d ed. 2017).] Plaintiff cannot ask the Court to compel Sheriff Gore to produce records that he does not possess:

> Plaintiff did not object to Defendant's request 6. He instead responded that there are "no documents." Plaintiff cannot be compelled to produce documents which do not exist, or which he does not possess or control. Defendant's motion to compel production of the documents identified in answers to its Second Interrogatories to Plaintiff is denied.

[*Steil v. Humana Kan. City, Inc.*, 197 F.R.D. 445, 448 (D. Kan. 2000) (internal citations omitted); *see also La Chemise Lacoste v. Alligator Co.*, 60 F.R.D. 164, 172 (D. Del. 1973) ("Alligator avers that it has produced all documents in its possession, custody or control relating to such litigation. This being averred, Alligator cannot be required to produce the impossible and no compulsion order will be entered.").]

Plaintiff's motion to compel non-existing "training bulletins" involving § 27001 should be denied.

## III.   Sheriff Gore Produced *Unredacted* Copies of All § 27001 Citations Issued by the Sheriff's Department, Fully Complying With the RFPs.

Plaintiff's final challenge is to Sheriff Gore's responses to RFPs 2 and 15. First, any motion to compel further responses to RFP 2 is untimely, as Sheriff Gore's response to RFP 2 was served on April 29, 2019 (and even Sheriff Gore's supplemental response to RFP 2 was served in October 2019), much more than 30 days before Plaintiff filed her motion.

Nevertheless, RFPs 2 and 15 seek, in essence, the same information and materials. RFP 2 sought the production of documents "sufficient to identify the number of times and circumstances under which [the Sheriff's Department] has enforced § 27001 since January 1, 2013, to include copies of any citations issued." And RFP 15 sought documents "sufficient to identify" every instance in which a citation for violating

6

§ 270001 was issued by a Sheriff's deputy, since January 1, 2014. Although these requests seem quite over broad in a non-class-action case involving a single plaintiff and a single traffic citation, Sheriff Gore nevertheless fully responded to both.

Specifically, Sheriff Gore <u>produced unredacted versions of every citation the Sheriff's Department has issued for violations of § 27001 since January 1, 2013</u>. There is no merit to Plaintiff's claim that all she has received is "a collection of giant black boxes" that are "so heavily redacted that there is little factual information to be gleamed from the documents." [ECF 55 at 6:14-16] Sheriff Gore, when he served his supplemental response to RFP 2 on October 30, 2019, produced unredacted copies of every § 27001 citation issued since 2013, as Bates-labeled documents nos. CSD0038 through CSD0094. A copy of Sheriff Gore's supplemental response to RFP 2, along with a sample of just one of the many citations that were produced, is attached as Exhibit 3to the declaration of Timothy M. White filed herewith.

Accordingly, not only has Sheriff Gore complied with RFPs 2 and 15 by producing documents "sufficient to identify" the § 270001 citations issued by the Sheriff's Department since 2013, *Sheriff Gore produced unredacted copies of every such citation*. Plaintiff's belated attempts to seek even more information and materials – so-called "raw data" from the County's "NetRMS system" – is nothing more than additional RFPs (under the guise of a meet and confer letter) that, if now served, would be beyond the discovery cut-off date (and would be subject to myriad objections). Sheriff Gore produced unredacted copies of every § 27001 citation issued by the Sheriff's Department since 2013. That information more than complies with RFPs 2 and 15. The Court should deny Plaintiff's motion to compel.

/ / /

/ / /

/ / /

/ / /

/ / /

**Sheriff Gore's Opposition to Plaintiff's Motion to Compel -  18cv1221**

IV.    **Conclusion**.

For the foregoing reasons, Plaintiff's motion to compel further discovery responses from Sheriff Gore [ECF 55] should be denied in its entirety.

DATED:  February 26, 2020                THOMAS E. MONTGOMERY, County Counsel


                                         By: s/ TIMOTHY M. WHITE, Senior Deputy
                                         Attorneys for Defendant William D. Gore,
                                         Sheriff of San Diego County in his official
                                         capacity
                                         E-mail:  timothy.white@sdcounty.ca.gov