UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN PORTER,<br><br>                      Plaintiff,<br><br>v.<br><br>WILLIAM D. GORE, Sheriff of San Diego County, in his official capacity; WARREN STANLEY, Commissioner of California Highway Patrol, in his official capacity,<br><br>                      Defendants. | Case No.: 18cv1221-GPC-LL<br><br>**ORDER RE: PLAINTIFF'S MOTION TO COMPEL DEFENDANT GORE**<br><br>**[ECF No. 55]** |

      Currently before the Court is Plaintiff's Motion to Compel Defendant Gore ("MTC") [ECF No. 55] and Defendant Gore's Opposition ("Oppo.") [ECF No. 57]. For the reasons set forth below, Plaintiff's Motion to Compel is **GRANTED IN PART AND DENIED IN PART.**

### **RELEVANT PROCEDURAL AND DISCOVERY BACKGROUND**

      Plaintiff served on Defendant Gore multiple discovery requests that are at issue in the instant motion. Specifically, Plaintiff moves to compel further responses to Defendant Gore's amended responses to Plaintiff's Requests for Production ("RFP") Nos. 18-27 and 30, which were served on Plaintiff on February 19, 2020. ECF No. 55-2 at Exhibit A.

Second, Plaintiff moves to compel a further response to Defendant Gore's amended response to Plaintiff's Request for Admission ("RFA") No. 22, which was served on Plaintiff on February 12, 2020. ECF 55-2 at Exhibit B. Third, Plaintiff moves to compel a further response to Defendant Gore's amended response to Plaintiff's First Set of Interrogatories No. 2, which was served on Plaintiff on February 19, 2020. ECF No. 55-2 at Exhibit C. Fourth, Plaintiff moves to compel further responses to Defendant Gore's Supplemental Responses to Plaintiff's RFP Nos. 1-10 (Set One), which were served on Plaintiff on February 12, 2020. ECF No. 52-2 at Exhibit D. Fifth, Plaintiff moves to compel further responses to Defendant Gore's amended response to Plaintiff's RFP Nos. 11-17 (Set Two), which were served on Plaintiff on February 12, 2020. ECF No. 55-2 at Exhibit E.

Counsel for Plaintiff and counsel for Defendant Gore met and conferred on February 5, 2020 and February 14, 2020 to address the parties' disputes with respect to Plaintiff's RFPs, RFAs and Interrogatories. ECF No. 55-2 at ¶ 11. On February 19, 2020, counsel for Plaintiff filed the instant Motion to Compel and on February 27, 2020, Defendant Gore filed his opposition. ECF Nos. 55, 57.

## **LEGAL STANDARD**

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Id. at 34(b)(2)(B). The responding party is responsible for all items in "the responding party's possession, custody, or control." Id. at 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995). Pursuant to Federal Rule of Civil Procedure 37, "a party may move for an order compelling disclosure of discovery." Fed. R. Civ. P. 37(a)(1). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirement of Rule 26. Soto, 162 F.R.D. at 610. Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of "clarifying, explaining and supporting its objections." DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

An interrogatory may relate to any matter that may be inquired under Rule 26(b). Fed. R. Civ. P. 33(a)(2). "The grounds for objecting to an interrogatory must be stated with specificity, [and] [a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). "Each interrogatory must, to

the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Responses to interrogatories must be verified. Fed. R. Civ. P. 33(b)(5) ("The person who makes the answers must sign them, and the attorney who objects must sign any objections.").

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "Each matter must be separately stated." Fed. R. Civ. P. 36(a)(2). A responding party may object to a request if they state the ground for the objection. Fed. R. Civ. P. 36(a)(5). The requesting party may then seek a decision from the court determining the sufficiency of an answer or objection. Fed. R. Civ. P. 36(a)(6). The court must order that an answer be served unless it finds an objection justified. Id.

## DISCUSSION

### A. Documents Related to the Legislative Intent and History Behind the Enactment of § 27001 and its Statutory Predecessors.

#### a. Parties' Positions

Plaintiff seeks an order from the Court compelling Defendant Gore to produce or identify documents which Plaintiff contends are related to the legislative history of California Vehicle Code § 27001 (hereinafter "§ 27001" – the statute Plaintiff was cited for violating). MTC at 2-3. Specifically, Plaintiff seeks documents in response to RFP Nos. 18-27 and 30. Id. at 3. Plaintiff argues that "because Defendants have the burden of proving the intent behind the enactment of § 27001. . . [Plaintiff] crafted several discovery requests aimed at covering any such documents." Id.; see also ECF No. 55-2 at 9-29. Plaintiff acknowledges that she had originally inferred "that there was no such legislative history," but after the San Diego Sheriff's Department ("SDSD") served its amended

responses, Plaintiff was "tipped off to the fact that SDSD possessed documents relevant to the legislative history of § 27001." MTC at 3; see also MTC Ex. B at 6:26-9:6; and Ex. C at 7:13-14. Plaintiff argues that "despite SDSD's contentions, the public nature of the documents does not rid SDSD of its discovery obligations in this case." MTC at 4. In sum, Plaintiff requests that the Court "issue an order compelling SDSD to produce all documents pertaining to the legislative history of § 27001 and its statutory predecessors, or in the alternative to specifically identify all such documents and where they can be found." MTC at 5.

Defendant Gore opposes Plaintiff's motion with respect to the legislative history documents arguing that it fails on the merits for multiple reasons. Oppo. at 2. First, with respect to RFP Nos. 18-27, Defendant Gore argues that "the phrase 'legislative history' is nowhere to be found in those RFPs; [and] they have nothing to do with the legislative history of § 27001." Id. Second, with respect to RFP No. 30, Defendant Gore argues that he does not have to produce legislative history simply because "Sheriff Gore's response to interrogatory no. 2 mentioned 'legislative history.'" Id. at 3. Specifically, Defendant Gore states that he does not have "possession, custody, or control" of such legislative history. Id. Defendant Gore further represents that his counsel has "informed Plaintiff's counsel that the legislative history of § 27001 is in the public record at the downtown San Diego public law library and has been reviewed [by defendant's counsel] (but not copied)." Id. (citing Decl. of Timothy M. White at ¶ 3). Thus, Defendant Gore represents that "there is nothing to produce." Oppo. at 3. Third, Defendant Gore argues that "even if Sheriff Gore did have possession of § 27001's legislative history (which he does not)" such public records are "equally available to Plaintiff." Id. (citing Bleecker v. Standard Fire Ins. Co., 130 F. Supp. 2d Supp. 2d 726, 738-739 (E.D.N.C. 2000)).[1] Fourth, Defendant Gore argues that with respect to RFP No. 22 and RFP No. 30, Plaintiff seeks to compel discovery that

---

[1] Defendant states that in Bleecker, "the court rejected the plaintiff's efforts to compel defendant to produce public records (records that, unlike Sheriff Gore, the defendant actually possessed)" because they were "readily accessible to plaintiff." Oppo. at 4 (internal citations omitted).

is protected as attorney work product because any research done by Sheriff Gore's attorneys is protected as it is legal research done by Defendant's attorneys. Oppo. at 4 (citing FRCP 26(b)(3) and caselaw).

### b. <u>Analysis</u>

Upon the Court's review of RFP Nos. 18-27 and 30, the court acknowledges that none of the RFP Nos. explicitly request the legislative intent and history behind the enactment of § 27001 and its statutory predecessors. See ECF No. 55-2 at 9-29. However, Interrogatory No. 1 requested that SDSD "[d]escribe in detail all substantial government interests that [SDSD] contend[s] are served by § 27001." <u>Id.</u> at 3. Interrogatory No. 2 requested that SDSD "[i]dentify all documents relied upon in responding to, or otherwise supporting [SDSD's] response to Interrogatory No. 1." Ex. C at 6. Defendant's amended response to Interrogatory No. 2 identifies "the legislative history and prior versions of Veh. Code § 27001 and its predecessor statute(s)." <u>Id.</u> at 7. Defendant also admits in the Opposition that his counsel has reviewed the legislative history of § 27001 at the San Diego public law library. Oppo. at 3; White Decl. at ¶ 3. Accordingly, the Court finds that the legislative history of § 27001 has been requested, and that there is a de minimis burden for Defendant to produce it.

Also, Defendant's argument that because the requested material is in the public record and "at least equally available to [Plaintiff's] lawyers," is not persuasive. See <u>Thomas v. Hickman</u>, 2007 WL 4302974, at *19 (E.D. Cal. Dec. 6, 2007) (stating that the fact that some of the documents might be possessed by Plaintiff or be available to Plaintiff or to the public is not a basis for refusing to produce documents that are otherwise discoverable") (citing 6 James Wm. Moore et al., Moore's Federal Practice, § 26.41[13] 3d. 2006 and <u>Weiner v. Bache Halsey Stuart, Inc</u>., 76 F.R.D. 624, 625 (S.D. Fla. 1977); see also <u>Bretana v. International Collection Corp</u>., 2008 U.S. WL 4334710, * 5-6 (N.D. Cal. Sept. 22, 2008) (stating defendant cannot validly object to producing discovery because the information is contained in public records available to all parties). Although

Defendant relies on case law in her motion to argue that she does not have to produce the requested legislative history because it is in the public record, here Plaintiff represents that she has been unable to find the legislative history requested. See MTC at 3 ("[I]n researching the legislative history associated with the bill from which § 27001 was enacted, Ms. Porter was unable to find any inference as to what the legislator's motives were at the time of § 27001 being into statute."). MTC at 3. Defendant's argument that he did not photocopy the legislative history is unfounded because actual possession is not required. See, e.g., Soto v. City of Concord, 162 F.R.D. 603 at 619. Accordingly, the Court finds Defendant's argument that the legislative history of § 27001 is not in Sherriff Gore's "possession, custody, or control" to be without merit. Oppo. at 3.

Finally, Defendant's objection to producing the requested legislative history on the basis of attorney work product is without merit as Plaintiff is not seeking Defendant's counsel's legal research notes or strategy, but simply the legislative history of § 27001 and any predecessor statutes (if any). In light of the de minimis burden to Defendant to produce the requested legislative history, the Court finds it appropriate to **GRANT** Plaintiff's Motion to Compel Defendant to produce the legislative history for § 27001 and the predecessor statutes (if any). Defendant Gore shall produce the legislative history for § 27001 and the predecessor statutes (if any) on or before **March 20, 2020**.

### B. Training Bulletins Received by SDSD from Third-Parties Such as the ACLU.

#### a. Parties' Positions

Plaintiff seeks an order from the Court compelling Defendant to produce "training bulletins" in its possession. MTC at 5. Specifically, Plaintiff argues that she has "served at least nine different RFPs which such training bulletins would be responsive to." Id. (citing Ex. A at 3:8-17:16; Ex. D at 9:18-10:6; Ex. E at 3:6-5:13). Plaintiff argues that Defendant's sole objection on the basis that such documents are not responsive is without merit. MTC at 5. Plaintiff further argues that the "SDSD's position here is even more baffling when

considering the deposition testimony surrounding these training bulletins." Id. (internal citations to specific deposition testimony omitted).

Defendant opposes Plaintiff's request for training bulletins for multiple reasons. First, Defendant argues that "Plaintiff's motion does not [even] identify which particular RFPs she is seeking further responses to." Oppo. at 5. Second, Defendant notes that "[i]n Sheriff Gore's amended, verified response to RFP No. 12[2], he stated an inability to comply with the document request because the Sheriff's Department 'has no responsive documents in its possession, custody, or control (i.e., documents 'related to any training received by SDSD law enforcement personnel, since January 1, 2014, in which § 27001 was mentioned, referred to, or covered in the training.')." Oppo. at 6; see also ECF No. 55-2 at 115. Defendant argues that the response given "is a straightforward, complete response to RFP No. 12 – i.e., an unequivocal denial of possessing the requested documents, and thus an inability to produce what Sheriff Gore does not have." Oppo. at 6. Additionally, Defendant argues the SDSD's deposition testimony "supports Sheriff Gore's denial." Oppo. at 6 (internal citations to deposition testimony omitted).

### b. **Analysis**

The Court agrees with Defendant that as an initial matter, Plaintiff has failed to identify which RFP she is seeking further responses to. See MTC at 5. Notably, Plaintiff's Motion to Compel fails to identify which RFP it contends seek "training bulletins," and instead Plaintiff merely cites to three different exhibits (A, D, and E) attached to its motion. Id. Accordingly, the Court cannot adequately evaluate Plaintiff's arguments made in connection with the training bulletins. See Valenzuela v. City of Calexico, 2015 WL 926149 at *1 (S.D. Cal. Mar. 4, 2015) (The moving party "carries the burden of informing the court: (1) which discovery requests are the subject of [its] motion to compel; (2) which of the defendants' responses are disputed; (3) why the responses are deficient; (4) the

---

[2] RFP No. 12 sought "All documents, communications, and things related to any training received by SDSD law enforcement personnel, since January 1, 2014, in which § 27001 was mentioned, referred to, or covered in the training." ECF No 55-2 at 115.

reasons defendants' objections are without merit; and (5) the relevance of the requested information to the prosecution of his action."); Ellis v. Cambra, 2008 WL 860523 at *4 (E.D. Ca. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information is relevant and why Defendant's objections are not justified.") .

Notwithstanding this, the Court finds that Defendant has adequately responded to Plaintiff's RFP No. 12, which is the only RFP that appears to request "training bulletins." ECF No. 55-2 at 115. Defendant's amended and verified response to RFP No. 12, which states that Defendant does not have the requested documents, is straightforward and sufficient. A court cannot order a party to produce documents that do not exist. See, e.g., Unilin Beheer B.V. v. NSL Trading Corp., 2015 WL 12698382, *5 (C.D. Cal. Feb. 26, 2017) ("a court cannot order a party to produce documents that do not exist".). "A plaintiff's mere suspicion that additional documents must exist is an insufficient basis to grant a motion to compel." Id. (citing Bethea v. Comcast, 218 F.R.D. 328, 329 (D. D.C. 2003)). Accordingly, Plaintiff's Motion to Compel "training bulletins" is **DENIED**.

### C. Citation Information Contained Within Two Different SDSD Citation Tracking/Management Systems.

#### a. Parties' Positions

Plaintiff seeks an order from the Court compelling Defendant to produce "raw citation information and other files that SDSD has in its possession and which it could easily produce." MTC at 6. Plaintiff argues that such information is responsive to RFP Nos. 2 and 15. Id. Plaintiff states that the "actual citations themselves" produced by the SDSD "are so heavily redacted that there is little factual information to be gleamed from the documents." Id.

1       Defendant opposes Plaintiff's request on multiple grounds. First, Defendant argues that Plaintiff's motion to compel further responses to RFP No. 2 is untimely.[3] Second, Defendant states that he has "produced unredacted versions of every citation the Sheriff's Department has issued for violations of § 27001 since January 1, 2013." Oppo. at 8. Finally, Defendant argues that "Plaintiff's belated attempts to seek even more information and materials – so-called 'raw data' from the County's 'NetRMS system'- is nothing more than additional RFPs (under the guise of a meet and confer letter). . . ." Id.

### b. Analysis

      The Court agrees with Defendant that as an initial matter, Plaintiff has failed to explain the timeliness of the motion to compel in connection with RFP No. 2. Defendant's supplemental response was served in October 2019, and is well beyond the deadline set forth in Judge Lopez's Chambers Rules to raise a discovery dispute with the Court. See Judge Lopez's Chambers Rules at V(C). Additionally, the Court finds that Plaintiff has failed to meet her burden to inform the Court why Defendant's responses and corresponding production to RFP Nos. 2 and 15 are insufficient. As set forth in Timothy White's Declaration accompanying Defendant's Opposition, "while certain personal information has been redacted from the [§ 27001 citation] that is attached hereto (since it is being filed in the public record), all of the citations produced to Plaintiff in discovery in this case have been fully unredacted." White Decl. at ¶ 57-1. Finally, upon the Court's review of RFP Nos. 2 and 15, there is no request for "raw data" or any of the "Citation Information" defined in footnote four of Plaintiff's Motion to Compel. See MTC at 6; see also ECF No. 55-2 at Exhibits D and E. Accordingly, Plaintiff's Motion to Compel "Citation Information" is **DENIED**.

///

---

[3] Defendant states that "Sheriff Gore's responses to RFP 2 was served on April 29, 2019 (and even Sheriff Gore's supplemental response to RFP 2 was served in October 2019), much more than 30 days before Plaintiff filed her motion." Oppo. at 7.

### D. An Admission or Denial in Response to RFA 22 Regarding Whether SDSD Possesses Legislative History Regarding § 27001.

#### a. Parties' Positions

Plaintiff seeks an order compelling Defendant to "substantively respond to RFA No. 22." MTC at 7. Specifically, Plaintiff states that it seeks "an admission – or a denial – regarding a central factual issue in this case: whether SDSD possesses legislative history explaining why § 27001 was enacted." Id. Plaintiff argues that "[t]he objections here are completely off base because asking about the fact of possession does not implicate the attorney-work product doctrine, and the RFA gets to a central evidentiary issue in this case." Id. Plaintiff further argues "that the documents are public does not provide a legitimate basis to refuse to answer." Id.

Defendant opposes on the grounds that Plaintiff's Motion as to RFA 22 "is procedurally improper." Oppo. at 2. In support, Defendant states that "Plaintiff brings her motion to compel under FRCP 37(a)(3)(B)," "[b]ut Rule 37(a)(3) by its own terms does not apply to RFAs. A challenge to an RFA answer or objection must be brought under FRCP 36(a)(6)." Id. Defendant argues that "Plaintiff has not moved under Rule 36, and thus her motion with respect to RFA 22 [] should be denied." Id.

#### a. Analysis

The Court agrees with Defendant that Plaintiff's Motion, brought pursuant to Fed. R. Civ. P. 37(a)(3)(B), is procedurally improper as to RFA No. 22. See Fed. R. Civ. P. 37(a)(3). Federal Rule of Civil Procedure 37 does not apply to RFAs. Federal Rule of Civil Procedure 36(a)(6) provides for a "motion regarding the sufficiency of an answer or objection" in response to a Request for Admission. See Fed. R. Civ. P. 36(a)(6). Accordingly, Plaintiff's Motion to Compel SDSD to substantively respond to RFA No. 22 is **DENIED**.

/ / /

/ / /

## **CONCLUSION**

Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

Dated: March 10, 2020

Honorable Linda Lopez
United States Magistrate Judge