UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN PORTER,<br><br>                 Plaintiff,<br><br>v.<br><br>WILLIAM D. GORE, Sheriff of San Diego County, in his official capacity; WARREN STANLEY, Commissioner of California Highway Patrol, in his official capacity,<br><br>                 Defendants. | Case No.: 18cv1221-GPC-LL<br><br>**ORDER RE: PLAINTIFF'S MOTION TO COMPEL DEFENDANT STANLEY**<br><br>**[ECF No. 56]** |

Currently before the Court is Plaintiff's Motion to Compel Defendant Stanley ("MTC") [ECF No. 56] and Defendant Stanley's Opposition ("Oppo.") [ECF No. 58]. For the reasons set forth below, Plaintiff's Motion to Compel is **DENIED.**

**RELEVANT PROCEDURAL AND DISCOVERY BACKGROUND**

Plaintiff, Ms. Susan Porter, served on Defendant Stanley, in his official capacity as the Commissioner of the California Highway Patrol (hereinafter "CHP"), multiple discovery requests that are at issue in the instant motion. Specifically, Plaintiff moves to compel further responses to Plaintiff's Requests for Production ("RFP") Nos. 14-19. ECF No. 56-1 at 2-3; see also Exhibit CC. Second, Plaintiff moves to compel further responses

to Plaintiff's Requests for Admission ("RFA") Nos. 12-15 and 18. ECF 56-1 at 4-5; <u>see also</u> Exhibit AA. Third, Plaintiff moves to compel further responses to Plaintiff's RFP Nos. 14-19 and Interrogatory No. 4. ECF No. 56-1 at 5-6; <u>see also</u> Exhibits BB and DD. Fourth, Plaintiff moves to compel further responses to Plaintiff's RFP Nos. 5, 6, and 9. ECF No. 56-1 at 6-8; <u>see also</u> Exhibits DD and EE.

Counsel for Plaintiff and counsel for Defendant Stanley met and conferred on February 10, 2020 to address the parties' disputes with respect to Plaintiff's RFPs, RFAs and Interrogatories. ECF No. 56-2 at ¶ 20. On February 20, 2020, counsel for Plaintiff filed the instant Motion to Compel and on February 27, 2020, Defendant Stanley filed his Opposition. ECF Nos. 56, 58.

## **LEGAL STANDARD**

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. <u>See</u> <u>Hallett v. Morgan</u>, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. <u>See</u> Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other

2

18cv1221-GPC-LL

source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Id. at 34(b)(2)(B). The responding party is responsible for all items in "the responding party's possession, custody, or control." Id. at 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995). Pursuant to Federal Rule of Civil Procedure 37, "a party may move for an order compelling disclosure of discovery." Fed. R. Civ. P. 37(a)(1). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirement of Rule 26. Soto, 162 F.R.D. at 610. Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of "clarifying, explaining and supporting its objections." DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

An interrogatory may relate to any matter that may be inquired under Rule 26(b). Fed. R. Civ. P. 33(a)(2). "The grounds for objecting to an interrogatory must be stated with specificity, [and] [a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Responses to interrogatories must be verified. Fed. R. Civ. P. 33(b)(5) ("The person who makes the answers must sign them, and the attorney who objects must sign any objections.").

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

(A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "Each matter must be separately stated." Fed. R. Civ. P. 36(a)(2). A responding party may object to a request if they state the ground for the objection. Fed. R. Civ. P. 36(a)(5). The requesting party may then seek a decision from the court determining the sufficiency of an answer or objection. Fed. R. Civ. P. 36(a)(6). The court must order that an answer be served unless it finds an objection justified. Id.

## DISCUSSION

**A. Documents Related to the Legislative Intent and History Behind the Enactment of § 27001 and its Statutory Predecessors.**

### a. Parties' Positions

Plaintiff seeks an order from the Court compelling Defendant Stanley, in his official capacity as Commissioner of the CHP, to produce or identify documents which Plaintiff contends are related to the legislative history of California Vehicle Code § 27001 (hereinafter "§ 27001" – the statute Plaintiff was cited for violating). MTC at 2-4. Plaintiff argues that "CHP is using work-product privilege to shield responsive documents that were not created in anticipation of litigation." Id. at 2. Plaintiff states broadly that "based off Defendant Stanley's responses to RFAs 18-21, and discussion from the meet-and-confer between counsel for Ms. Porter and Defendant Stanley, it appears that work-product is being asserted over public documents related to the legislative history and intent behind the enactment of § 27001." Id. at 3. Plaintiff does not state in the argument section of her Motion to Compel which discovery requests request the legislative intent and history, but includes in a footnote that "Ms. Porter contends that such documents would be responsive to at least RFP Nos. 14-19." Id. at 3. In sum, Plaintiff requests that "the Court should order CHP to produce the legislative history documents it is withholding." Id. at 4.

Defendant Stanley opposes Plaintiff's motion with respect to the legislative history documents for multiple reasons. Oppo. at 2. First, Defendant Stanley states that Plaintiff "does not identify a single request for production (RFP) in which CHP asserted the work product privilege in lieu of producing responsive documents." Id. Second, Defendant Stanley states that "Porter explains that legislative history related to the enactment of section 27001 — which is apparently the crux of Porter's concern [] – would be responsive to RFP Nos. 14-19, but CHP has not asserted the work product privilege in response to these RFPs." Id. (internal citations omitted); see also Ex. CC to Perez Decl. at 3:24-5:9.

### b. **Analysis**

The Court finds that, as an initial matter, Plaintiff has failed to identify which Requests for Production she is seeking further responses to. See MTC at 2-4. Notably, Plaintiff's Motion to Compel fails to identify which RFPs seek "legislative history," and instead Plaintiff merely includes a footnote that states that "such documents would be responsive to at least RFP Nos. 14-19." Id. at 3. Accordingly, the Court cannot adequately evaluate Plaintiff's arguments made in connection with the training bulletins. See Valenzuela v. City of Calexico, 2015 WL 926149 at *1 (S.D. Cal. Mar. 4, 2015) (The moving party "carries the burden of informing the court: (1) which discovery requests are the subject of [its] motion to compel; (2) which of the defendants' responses are disputed; (3) why the responses are deficient; (4) the reasons defendants' objections are without merit; and (5) the relevance of the requested information to the prosecution of his action."); Ellis v. Cambra, 2008 WL 860523 at *4 (E.D. Ca. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information is relevant and why Defendant's objections are not justified.").

Additionally, upon the Court's own review of RFP Nos. 14-19, none of them request or even mention "legislative history." See Exhibit CC at 42-44. Accordingly, Plaintiff's Motion to Compel "legislative history" of California Vehicle Code § 27001 is **DENIED**.

///

### B. Plaintiff's RFA Nos. 12-15 and 18.

#### a. Parties' Positions

Plaintiff seeks an order from the Court compelling Defendant to "admit or deny Plaintiff's RFA Nos. 12-15 and 18." MTC at 4. Plaintiff argues that notwithstanding Defendant's assertion of multiple objections, Defendant is "really only objecting as to relevance." Id. Plaintiff states that "CHP cannot refuse to answer simply because it unilaterally determined that the requests did not seek relevant information." Id. at 5. Plaintiff states that "RFA Nos. 12-15 seek admissions regarding central factual issues in this case: whether horn honking to express a message – even if just one single honk or multiple successive honks in a short period of time – would diminish the horn's usefulness as a safety device or undermine traffic safety." Id. Similarly, Plaintiff argues that "RFA No. 18 seeks to determine whether CHP possesses legislative history explaining why § 27001 was enacted." Id. In sum, Plaintiff argues that "CHP should not be allowed to dodge key RFAs which would necessarily streamline the issues in this case as it moves towards summary judgement [sic]." Id.

Defendant opposes Plaintiff's request for multiple reasons. First, Defendant argues that "CHP's objections to RFA Nos. 12-15 are well founded." Oppo. at 2. In support, Defendant states that "Porter's RFAs set forth hypotheticals that have no relevance to the facts of the case, or to any claims or defenses." Id. (citing Friedman v. Godiva Chocolatier, Inc., No. 09cv977-L-BLM, 2010 WL 4009660, at *2 (S.D. Cal. Oct. 13, 2010)). Here, Defendant argues that "RFA [No. 12] is a hypothetical, untethered to the facts of the case." Id. at 3. Second, Defendant argues that "RFAs 12-15 have no relationship to any claims or defenses in this case." Id. In support, Defendant states that "[s]ince CHP simply does not make the contention that Porter is trying to attribute to it, CHP cannot fairly admit or deny this RFA." Id. at 4. Third, in connection to RFA No. 18, Defendant argues that "CHP's objections to RFA 18 are valid." Id. at 5. Defendant further states "these are RFAs, not document requests, so Porter's assertion that by asserting work product privilege CHP

is shielding responsive documents is nonsensical, as is the suggestion that CHP should be required to create a privilege log in response to an RFA." Id. at 5. In sum, Defendant argues that Plaintiff's "position is meritless." Id.

### b. Analysis

As an initial matter, the Court finds that Plaintiff's Motion, brought pursuant to Fed. R. Civ. P. 37(a)(3)(B), is procedurally improper as to RFA Nos. 12-15 and 18. See Fed. R. Civ. P. 37(a)(3). Federal Rule of Civil Procedure 37 does not apply to RFAs. Federal Rule of Civil Procedure 36(a)(6) provides for a "motion regarding the sufficiency of an answer or objection" in response to a Request for Admission. See Fed. R. Civ. P. 36(a)(6).

Notwithstanding this procedural error, the Court agrees with Defendant that CHP's objections are valid. For example, upon the Court's own review of RFA Nos. 12-15, the Court finds that they present incomplete hypotheticals and are inappropriate. See, e.g., Friedman, No. 09cv977-L-BLM, 2010 WL 4009660, at *2. Additionally, with respect to RFA No. 18, which seeks to determine whether CHP possesses legislative history explaining why § 27001 was enacted, the Court agrees with Defendant that "whether or not CHP currently is in possession of legislative history or other documents 'explaining' section 27001 is not determinative of whether or not such legislative history or documents exist[], and will not narrow the issues in this case." Oppo. at 5. The Court finds that RFA No. 18 is not a proper RFA and sustains Defendant's objections. Accordingly, Plaintiff's Motion to Compel Defendant Stanley to substantively respond to RFA Nos. 12-15 and 18 is **DENIED**.

### C. Whether Defendant Stanley is Required to Provide Specific Pin Cites.

### a. Parties' Positions

Plaintiff seeks an order from the Court compelling Defendant to "provide specific identification of documents, [and] to include pin cites as appropriate" in response to RFP Nos. 14-19 and Interrogatory No. 4. MTC at 5. Plaintiff states that in these discovery requests she "sought documents related to the significant government interests that CHP

has asserted are served by § 27001." Id.; see also Ex. BB at 3:4-6:11; Ex. CC at 3:24-5:9. Plaintiff argues that "[d]espite the fact that the discovery requests delineate between the alleged government interests, CHP offered the same omnibus response to each." MTC at 5. Plaintiff argues that Defendant should be ordered "to provide Ms. Porter with actual notice now that fact discovery is over, as to the specific arguments CHP intends to make on summary judgement [sic] and at trial, and whether to the extent CHP has any evidentiary support." Id. at 6.

Defendant opposes Plaintiff's request for "specific pin cites" on multiple grounds. First, Defendant states that as part of its supplemental initial disclosures that CHP may use to support its defenses, it produced "publicly available research studies[1] concerning, for example, the hazardous effects of noise on humans and wildlife and the ills of distracted driving." Oppo. at 6. Defendant states that "[t]he documents are not CHP records." Id. Defendant states that the same documents were identified in response to RFP Nos. 14-19 and Interrogatory No. 4. Id. Defendant argues that Plaintiff's request for "pin cites to the specific studies and other material and specific pages that support each stated government interest" is "overreaching, and has no support in the Federal Rules." Id. Second, Defendant argues that Plaintiff "offers no legal support for her argument" noting that "CHP has pointed to a limited number of publicly available studies which support the State's interests – many of which are interrelated." Id. at 6-7 (citing and distinguishing Mancini v. Ins. Corp. of New York, 2009 WL 1765295 (S.D. Cal. June 18, 2009)).

### b. **Analysis**

The Court agrees with Defendant that it has sufficiently responded to RFP Nos. 14-19 and Interrogatory No. 4. See Ex. BB at 3:4-6:11; see also Ex. CC at 3:24-5:9. As an initial matter, Plaintiff's request that the Court order CHP to provide "the specific arguments CHP intends to make on summary judgement [sic] and at trial, and whether to

---

[1] The research articles include approximately one hundred (100) articles, reports, and other publicly available documents. Oppo. at 6; see also Sheth Decl. at Paragraph 7.

the extent CHP has any evidentiary support" [MTC at 6] is unfounded and lacks any legal support. Further, upon the Court's review of the disputed requests and Defendant's responses, the Court finds that the documents identified and produced are straightforward and sufficiently specific. Plaintiff's attempt to rely on <u>Mancini v. Insurance Corp. of New York</u> is misplaced as that case dealt with a true "documents dump," which is not at issue here. <u>See</u>, e.g., Sheth Decl. at Paragraph 7. Moreover, as Defendant notes in the Opposition, many of the publicly available studies which support the State's interests are interrelated, and one article may be responsive to multiple requests. Accordingly, Plaintiff's Motion to Compel "specific identification of pin cites" is **DENIED**.

**D.     Legislative Analysis from Defendant's Vehicle Code Unit.**

**a. <u>Parties' Positions</u>**

Plaintiff seeks an order from the Court compelling Defendant to produce documents in response to RFP Nos. 5, 6, and 9. MTC at 6. Plaintiff states these RFPs seek "documents pertaining to application, interpretation, enforcement, and legality of § 27001." MTC at 6; <u>see also</u> Ex. DD at 5:19-6:12; Ex. EE at 6:2-16. Plaintiff states that CHP responded to these RFPs and "stated that it either did not have[,] or was unaware of responsive documents." MTC at 6. Plaintiff argues that after taking the 30(b)(6) deposition of CHP, Plaintiff became aware "that CHP's Vehicle Code Unit ('VCU') performs various training, interpretation, and analysis functions pertaining to the vehicle code, which covers 27001." MTC at 7. Plaintiff argues that the requested information is responsive and that Defendant's objections to the requests on the basis of privilege, overbreadth, undue burden, unreasonableness, and privacy are all without merit.

Defendant opposes Plaintiff's request on multiple grounds. First, Defendant states that it served verified responses to RFP Nos. 5, 6, and 9. <u>See</u> Oppo. at 7; <u>see also</u> Ex. DD to Perez Decl. at p. 6; Sheth Decl., Ex. 3; Ex. EE at p. 6. Second, Defendant states that during the January 15, 2020 30(b)(6) deposition of Sergeant Beck, he testified "numerous times that the CHP does not have any training or policies specifically related to section

9

18cv1221-GPC-LL

27011. . . ." Sheth Decl., Ex. 2 at p. 15:9-16:20. Third, Defendant argues that Plaintiff's attempt to compel production of CHP's legislative bill analysis is unfounded because it is not responsive to the requests at issue, and would be protected by the attorney-client and work-product privileges even if they were. Oppo. at 7-8.

### b. <u>Analysis</u>

The Court agrees with Defendant that it has sufficiently responded to RFP Nos. 5, 6, and 9. <u>See</u> Ex. DD at p. 6; <u>see also</u> Ex. EE at p. 6. As an initial matter, Defendant's verified responses to RFP Nos. 5, 6, and 9, which state that subject to certain objections, Defendant does not have any responsive documents, is straightforward and sufficient. A court cannot order a party to produce documents that do not exist. <u>See</u>, e.g., <u>Unilin Beheer B.V. v. NSL Trading Corp.</u>, 2015 WL 12698382, *5 (C.D. Cal. Feb. 26, 2017) ("a court cannot order a party to produce documents that do not exist".). "A plaintiff's mere suspicion that additional documents must exist is an insufficient basis to grant a motion to compel." <u>Id.</u> (citing <u>Bethea v. Comcast</u>, 218 F.R.D. 328, 329 (D. D.C. 2003)). Additionally, the Court finds that the deposition testimony of Sergeant Beck, CHP's 30(b)(6) deponent, confirms Defendant's discovery responses on the disputed requests. Accordingly, Plaintiff's Motion to Compel additional documents in response to RFP Nos. 5, 6, and 9 is **DENIED**.

### CONCLUSION

Plaintiff's Motion is **DENIED** as set forth herein.

Dated: March 27, 2020

_____
Honorable Linda Lopez
United States Magistrate Judge